AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ARIAN DAVID EUSEBIO GONZALEZ<br>ROBERTO MARTINEZ, and<br>FRANCISCO JAVIER LOPEZ DIAZ<br><br>*Defendant(s)* | Case No. 8:24-mj-2961 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 9, 2024** in the county of _____ in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § 960(b)(1)(G) | Conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States |

This criminal complaint is based on these facts:

See Affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

SA Angel T. Luna, HSI
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: December 13, 2024

_____
Judge's signature

AMANDA A. SANSONE, U.S. Magistrate Judge
Printed name and title

City and state: Tampa, FL

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Angel T. Luna, after being duly sworn, depose and state as follows:

1. I submit this affidavit in support of a criminal complaint charging three individuals — **ARIAN DAVID EUSEBIO GONZALEZ, ROBERTO MARTINEZ, and FRANCISCO JAVIER LOPEZ DIAZ** —with knowingly and willfully conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § 960(b)(1)(G).

2. I am a Special Agent with Homeland Security Investigations (HSI) since October 2016. I am presently assigned to the HSI Special Agent in Charge Office in Tampa, Florida which is within the Middle District of Florida. I have been a federal law enforcement officer for approximately 21 years. My duties as a HSI Special Agent involve the investigation of various criminal activities of narcotics traffickers and their associates. I have participated in and received training with respect to the investigations of organizations and individuals involved in illegal drug trafficking activities including those involved in the maritime smuggling of shipments of cocaine in the Caribbean Sea, Eastern Pacific, and elsewhere.

3. Since November of 2023, I have been assigned to the Operation Panama Express Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force (OCDETF) investigation being

conducted by the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), Coast Guard Investigative Service (CGIS), the United States Coast Guard (USCG), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate Drug Trafficking Organizations (DTOs) that are responsible for the transportation of various narcotics, to include cocaine, through international waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution to the United States.

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. In the course of my duties, I sometimes receive reports from U.S. Coast Guard (USCG) law enforcement personnel related to at-sea interdictions of vessels suspected of transporting narcotics or committing other violations of Federal law. The USCG has the authority under 14 U.S.C. 522 to make inquiries, examinations, inspections, searches, seizures and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce Federal laws.

## PROBABLE CAUSE

5. On or about December 9, 2024, the United States Coast Guard (USCG) received information from a maritime patrol aircraft that it had identified a target of interest approximately 153 nautical miles south of Cabo Rojo, Dominican Republic. The go-fast vessel (GFV) had two outboard engines and three people on board, with packages and fuel barrels visible on deck. The USCG Cutter THETIS diverted to intercept the GFV and launched its helicopter and small boat containing a law enforcement detachment. The THETIS requested and was subsequently granted authorization to conduct a right of visit (ROV) boarding without use of force. At that time the GFV was dead in the water and showed no indicia of nationality.

6. The CGC THETIS boarding team gained positive control of the GFV. The boarding team reported that there were two (2) Dominican crewmembers and one (1) Venezuelan crewmember on board vessel. The identified master of the vessel, ARIAN DAVID EUSEBIO GONZALEZ, made a claim of Dominican Republic nationality for the vessel. The boarding team subsequently transferred the subjects to the Coast Guard small boat due to officer safety concerns and deteriorating weather conditions. The boarding team then conducted three narcotics identification kit tests of suspected contraband and these tested positive for the presence of cocaine. The THETIS was then authorized to treat the three subjects as detainees. The Dominican Republic could neither confirm nor deny nationality of the GFV and it was therefore treated as a vessel without nationality subject to the jurisdiction of the United States.

7. The USCG identified the crew of the GFV as Dominican Nationals ARIAN DAVID EUSEBIO GONZALEZ and ROBERTO MARTINEZ, along with Venezuelan National FRANCISCO JAVIER LOPEZ DIAZ.

8. After the boarding was completed, the CG reported a final contraband count of 4 bales with an estimated at-sea weight of 127 kilograms of suspected cocaine.

9. Based on my training, experience, and knowledge of the investigation, I respectfully submit that there is probable cause to there is probable cause to believe that ARIAN DAVID EUSEBIO GONZALEZ, ROBERTO MARTINEZ and FRANCISCO JAVIER LOPEZ DIAZ, knowingly and willfully conspired to possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code Sections 70503 and 70506, Title 18, United States Code, Section 2 and Title 21, United States Code, Section 960(b)(1)(B)(ii).

_____
Angel Luna
Special Agent
Homeland Security Investigations

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable means consistent with Fed R. Crim. P. 4.1(a) and 41(d)(3) before me this 13 day of December, 2024.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

5